**Ali ASGHAR, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–3447–ag.**

United States Court of Appeals, Second Circuit.

April 23, 2008.

Usman B. Ahmad, Long Island City, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Francis W. Fraser, Senior Litigation Counsel, Marion E. Guyton, Trial Attorney, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Hon. BARRINGTON D. PARKER, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

mer Attorney General Alberto R. Gonzales as the respondent in this case.

## SUMMARY ORDER

Ali Asghar, a native and citizen of Pakistan, seeks review of a July 27, 2007 order of the Board of Immigration Appeals ("BIA") affirming the February 24, 2006 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa pretermitting Asghar's application for asylum and denying his application for withholding of removal and CAT relief. *In re Asghar*, No. A 77 643 048 (B.I.A. July 27, 2007), *aff'g* No. A 77 643 048 (Immig. Ct. N.Y. City Feb. 24, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding that changed or extraordinary circumstances did not excuse the untimely filing under *id.* § 1158(a)(2)(D). We retain jurisdiction, however, over constitutional claims and questions of law under *id.* 1252(a)(2)(D) ("Nothing in subparagraph (B) or (c), or in any other provision of this Chapter ... which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals.....")

Asghar argues that he believed that he did file a claim for asylum within the one-year time period, but that the application may not have been filed due to the ineffective assistance of his prior counsel. He also contends that the exact circumstances of what transpired cannot be ascertained due to the disappearance of Asghar's first counsel.

In its opinion, the IJ did not adequately explain its reasoning as to why it did not consider that the "disappearance" of Asghar's first counsel, with respect to Asghar's claim that he believed that he filed for asylum within the one-year deadline, constituted extraordinary circumstances under *id.* § 1208.4(a)(5). As the BIA did not further explicate the reasoning of the IJ, we lack an adequate basis to rule on Asghar's claim and therefore remand the issue to the BIA to decide in the first instance after full briefing from both parties. In light of the highly fluid nature of the political situation in Pakistan, we recommend that the BIA and the parties also address whether changed circumstances in Asghar's native country materially affect his petition for asylum.

For the foregoing reason, the petition for review is GRANTED.